GRISBAUM, Judge.
This action arises out of a car accident involving three vehicles. The plaintiff, Carol L. Clark, filed suit against the defendants, John Hill, Transit Company, Inc. of the City of Kenner and American Druggist Insurance Company, alleging John Hill negligently caused an automobile accident in which Ms. Clark was injured. Following the conclusion of the plaintiff’s case, the trial judge granted a directed verdict in favor of the defendants and dismissed the plaintiff’s lawsuit. From this judgment, the plaintiff devolutively appeals. We affirm.
We are called upon to decide two issues:
(1) whether the trial court erred in invoking the sudden emergency doctrine thereby relieving the defendant of liability; and
(2) whether the trial court erred in granting a directed verdict dismissing the plaintiff’s action.
John Hill’s testimony reflects the following: On December 15, 1980, the plaintiff, Carol Clark, while employed as an airport shuttle van driver, was driving a 1974 Ford van on the exit road at the New Orleans International Airport. Ms. Clark was traveling in the left lane of traffic, and to her *41 right was a Louisiana Transit Company, Inc. bus driven by the defendant, John Hill. The two vehicles were stopped together at an intersection. Mr. Hill began to move forward, slightly sooner than did Ms. Clark. The bus was traveling at approximately 10 miles per hour; the van was traveling slightly faster and to Mr. Hill’s left. The vehicles proceeded down the ramp from the main terminal toward the airport exit at Airline Highway, and at the same time, a small red sports car was approaching the intersection from the long-term parking lot located to the right of the two vehicles. Mr. Hill observed the sports car some distance down the parking lot driveway proceeding slowly towards the main airport exit road, at which time he removed his foot from the accelerator of his bus and proceeded cautiously. He was traveling on the favored roadway, and as he was nearing the intersection of the airport exit road and the parking lot exit, he observed the driver of the sports ear stop. Suddenly, without warning, the car pulled into the bus’ path at a time when the bus was no more than a few seconds from the intersection. Upon realizing he would strike the small vehicle broadside at the driver’s door if he did not take evasive action, Mr. Hill quickly applied his brakes and turned his vehicle to the left. As a result, he slightly sideswiped the plaintiff’s van and avoided hitting the small car.
Neither the plaintiff’s deposition nor her trial testimony refute Mr. Hill’s version of the accident with the exception that the plaintiff testified at trial she did not see a red sports car.
The plaintiff contends the defendant failed to exercise reasonable care in that he did not come to a complete stop upon seeing the sports car approaching the stop sign. The trial court found, however, that the plaintiff wholly failed to prove John Hill was negligent. We agree with the trial court that the defendant exercised reasonable care in the operation of his vehicle. It would be unreasonable to expect the bus driver to come to a complete stop upon seeing the sports car approaching the stop sign, particularly when the small car was approaching the intersection at a slow rate of speed. Moreover, the defendant’s testimony was uncontroverted that he was driving cautiously and at a safe rate of speed of approximately 10 miles per hour.
The law governing sudden emergency is stated by our Louisiana Supreme Court in Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), which in pertinent part provides:
One who suddenly finds himself in the position of imminent peril, without sufficient time to consider and weigh all circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. 262 So.2d at 389.
In light of our finding that the defendant did not in any way contribute to the emergency which he confronted in this accident, the defendant cannot be said to have been negligent for swerving into the plaintiff’s lane.
The plaintiff stated at trial that she did not see the sports car which allegedly created the sudden emergency situation. Upon cross-examination, however, she admitted that the front of her van was positioned, at the time of the accident, even with the middle of the bus, and thus, it is possible she was unable to see the small car which was, according to the defendant, on the other side of the bus. We find the defendant’s testimony was believable, convincing, and consistent with all of the evidence presented, and the trial court’s determination that the car in fact did exist will not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, the trial court did not err in invoking the sudden emergency doctrine relieving the defendant of liability.
We turn now to the second issue. The record reflects that after the plaintiff *42 had completed the presentation of her evidence, the defendant moved for a directed verdict, which the trial court granted. We note that a motion for a directed verdict is applicable only in a jury trial whereas an involuntary dismissal pursuant to article 1672(B) of our Code of Civil Procedure is applicable in a bench trial. However, the legal effect of either motion is the same; namely, if upon the presentation of" the facts and the law the plaintiff has shown no right to relief, his action is dismissed by the motion being granted. The trial judge was eminently correct in stating in his reasons for directed verdict dismissing the plaintiffs action that a motorist who is traveling on a favored street, as was the defendant, John Hill, may reasonably assume that a motorist on a less favored street, by virtue of a stop sign, will obey that stop sign by not only bringing her vehicle to a complete stop, but further that she will not proceed until safe to do so. Therefore, after reviewing the record, the facts and the law being considered, we find the plaintiff failed to prove the defendant was negligent and, thus she showed no right of relief. Accordingly, we find the trial judge did not err in dismissing the plaintiffs action.
For the reasons assigned, the judgment of the trial court is affirmed; all costs of this appeal are to be assessed against the appellant.
AFFIRMED.